■ In the Matter of the Claim of LAURIE LAINE, Respondent, v. SUTHERLAND PRESS, INC., et al., Appellants, and ADVANCE PRESS et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer Sutherland Press, Inc., and its insurance carrier from a decision and award of the Workmen's Compensation Board for reduced earnings on account of partial disability for the period November 27, 1955 to June 24, 1958. Claimant, an offset pressman, employed since 1922 in the printing industry, in 1947 first became disabled from bronchial asthma. Like disability occurred during his work for each of a large number of successive employers. Concededly, he suffered from a pre-existing allergy of long standing. In 1950 and 1952, upon findings of occupational disease due to exposure to irritants, awards were made for various periods and percentages of disability against a number of the employers who were concerned up to April 7, 1950. The last employer and carrier in that series appealed from a board decision denying an application to reopen six closed cases against prior employers (*Matter of Laine* v. *Commanday Roth, Inc.*, 284 App. Div. 1070), the appellants in that case contending "that each prior exposure and consequent disability had a cumulative effect on the underlying asthmatic sensitivity from which claimant suffered, and accordingly that there should be an apportionment among all claimant's

employers, responsible for such exposure, of the award granted for the latest disability." The court affirmed, approving, as supported by substantial evidence, the board's findings " that each prior individual exposure had caused a temporary aggravation of the pre-existing allergic condition" and "that the underlying sensitivity of the claimant remained constant, notwithstanding his many exposures." Appellants, now the last employer and carrier concerned, contend that there is no substantial evidence to support the holding that the last employment was solely responsible for the partial disability for the September 28, 1955 to June 24, 1958 period awarded for; and that "If the claimant was disabled beyond the period of temporary aggravation and temporary total disability" attributable to the last employment "then that disability should be apportioned amongst all periods of employment exposure". Such apportionment is sought as against 16 prior employers, a number of whom were parties to the appeal by *Commanday Roth, Inc.* (*supra*) above alluded to. The board found that the weight of medical evidence "indicates that claimant has an occupational disease which disables him for a shorter or longer period as the case may be whenever he exposes himself to the irritants in the printing business" and that the exposure in appellant's employ "precipitated a disability commencing September 28, 1955, which has been partially disabling since November 27, 1955." In our view, the determination is supported by substantial evidence. The board was, of course, warranted in rejecting claimant's physician's finding of multiple causation of the latest partial disability, predicated upon his opinion that there existed an increased sensitivity contributed to by each employment. Thus, our decision in *Matter of Bahry* v. *Nu-Glamore Beauty Salon* (4 A D 2d 351, motion for leave to appeal denied 3 N Y 2d 707), upon which appellants seem principally to rely, is not in point. We do not agree, however, that the only alternative to the medical theory thus rejected is appellants' theory that the latest partial disability is not employment-connected and represents nothing more than a reversion to claimant's original status or allergic condition preceding his first harmful exposure. No party disputes the medical testimony that it would be "disastrous" for claimant to return to his former occupation. In similar context we recently held: "In testing the issue of continued causal relation in cases such as this, the courts have consistently construed quite literally the [applicable] sections of the Workmen's Compensation Law * * *. In article 3, relating to occupational diseases, subdivision 1 of section 37 defines 'disability' as 'the state of being disabled from earning full wages *at the work at which the employee was last employed*' (italics supplied) and section 39 provides compensation 'for the duration' of such a 'disablement', 'provided, however, that if it shall be determined that an employee. so disabled is able to earn wages at another occupation which shall be neither unhealthful nor injurious, and such wages do not equal his full wages prior to the date of his disablement, the compensation payable shall be computed pursuant to the provisions of article two of this chapter'." (*Matter of Andrias* v. *Ryan-Turecamo*, 12 A D 2d 534, motion for leave to appeal denied 9 N Y 2d 609; and see cases there cited.) Further, the medical proof adduced subsequent to the determination reviewed upon the *Commanday Roth, Inc.*, appeal introduced no medical opinion or theory substantially different from those that were there considered; and the board having chosen to accept the same medical opinion, as it had a right to do, our prior decision, of course, furnishes additional precedent for our present determination, and is, in fact, *res judicata* as to those of the present respondents who were parties to that appeal and whose cases were closed at that time. Certain of the respondents make reference to section 44 of the Workmen's Compensation Law but appellants have not invoked that section and we do not pass upon its applicability. Decision and award unanimously

affirmed, with one bill of costs to claimant and the Workmen's Compensation Board and with printing disbursements to all other respondents filing briefs.